376 So.2d 1278 (1979)
Charlton E. MEYER, Jr., Plaintiff-Appellee,
v.
CONSOLIDATED MARKETING, INC., Defendant-Appellant.
No. 13924.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
Wiener, Weiss, Madison & Howell by James Fleet Howell, Shreveport, for defendant-appellant.
Herold & Geneux by Simon Herold, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiff filed this suit to collect the unpaid balance on a promissory note pursuant to an acceleration clause providing the holder of the note the option of demanding payment of the full amount of the debt upon the maker's failure to pay an interest installment when due. Finding defendant had failed to timely pay an interest installment under the terms of the note, the trial court rendered judgment in favor of plaintiff. We amend the judgment and affirm.
*1279 The note in question was issued in 1968 in connection with a sale of stock by plaintiff to defendant. Under the terms of the note, the principal sum of $178,730.00 was to be paid in fifteen annual installments. Each of these payments were due on or before June 1, with the first one due on that date in 1969. The note also contained the following acceleration clause:
The maker shall have the privilege of not making payment to the reduction of the principal indebtedness for not more than five annual installments. This privilege retained by the maker applies only to the principal indebtedness and does not apply to the interest payment.
Failure to pay either any interest when due, or more than five principal indebtedness installments promptly when due, shall at the option of the holder, cause all remaining installments to be due and collectible.
In May of 1978, defendant's bookkeeper, who was in charge of preparing and mailing the company's checks to its various creditors, died unexpectedly. Due to an oversight on the part of her inexperienced replacement, the June 1, 1978, installment payment was not mailed until June 5, and was not received by plaintiff until June 8. Plaintiff declined to accept this late payment and notified defendant that he was asserting his rights under the acceleration provisions of the note and demanded immediate payment of all future installments. Defendant refused and this suit ensued.
At trial defendant admitted the 1978 payment was not made when it was due, but attempted to show that plaintiff, by accepting prior payments after the June 1 due date, had led it to believe strict compliance with the terms of the note requiring payment by that date would not be enforced and consequently plaintiff should be estopped from invoking the acceleration clause. The trial court found defendant had failed to prove any of the prior installments were made and accepted after the due date and held that despite the harsh results, plaintiff was entitled to demand immediate payment of the unpaid balance under the terms of the note.
Judgment was rendered in favor of plaintiff for $89,365.00, representing the unpaid balance of the note after deduction of a credit for the 1978 payment, a check for which had been placed in the registry of the court, together with 5 percent interest from June 1, 1978, and 10 percent attorney fees. The judgment also stated the credit for the 1978 payment was conditioned on the requirement that the check offered by defendant be honored. Plaintiff presented the check for payment on January 12, 1979, the day after the judgment was signed. The check was returned not paid,[1] and plaintiff filed a motion to reopen the case to amend the judgment to remove the credit allowed for the 1978 payment. Before this motion was argued, however, defendant deposited the amount of the payment into plaintiff's account on January 25, and the trial court subsequently overruled the motion to reopen on the grounds of mootness.
Defendant appeals contending the trial court erred in failing to hold the doctrine of equitable estoppel applicable to the facts of this case. More specifically, it contends the trial court erred in failing to find the first installment payment in 1969 was made after it became due.
We do not agree. Defendant failed to produce any evidence whatsoever concerning when the installment payments of the previous years had actually been received by plaintiff. Although it was shown that the payment in 1969 was not sent until June 2, and that plaintiff agreed to accept this payment, the record also shows that June 1, 1969, fell on a Sunday. Consequently, payment made June 2, the next day afterwards which was not a legal holiday, would have been timely. See La.R.S. 10:3-806. At any rate, even if this one payment were received late, this fact alone would not be sufficient to justify defendant's *1280 belief that plaintiff no longer expected timely payments under the terms of the note.
Our law is well settled that the burden of proving the facts upon which a plea of estoppel is based rests with the party invoking the doctrine. See British American Oil Producing Company v. Grizzaffi, 135 So.2d 559 (La.App. 1st Cir. 1961), and the cases cited therein. We agree with the trial court that the defendant has failed to meet this burden.
Plaintiff has answered the appeal alleging the trial court erred in two respects: (1) in refusing to allow interest on the amount awarded at 7 percent from June 19, 1979, the date suit was filed, and (2) in refusing to allow interest on the June 1978 payment, the check for which was not honored on demand as ordered by the court.
The note provides that interest will be due on unpaid principal at the rate of 5 percent per annum. Plaintiff contends he is entitled to interest on the amount awarded by the court at 5 percent from June 1, 1978, the date the balance of the note became due until June 19, 1978, the date suit was filed. He further contends that once suit was filed to collect the balance of the note, the interest rate applicable became the legal rate of 7 percent under Civil Code Article 2924.
We do not agree. Despite the cited code article, our courts have consistently held that in a suit to recover amounts due on a promissory note, the rate of interest stipulated in the note is the rate to be applied to the judgment rendered. Fontenot v. Lafleur, 341 So.2d 62 (La.App. 3rd Cir. 1976), writ denied 343 So.2d 202; First National Bank of Jefferson Parish v. Kindermann, 280 So.2d 888 (La.App. 4th Cir. 1973), writ denied 282 So.2d 720.
Plaintiff's second specification of error is well taken. The trial court excluded the amount of the June 1978 payment from the total awarded under the assumption that this amount had been tendered to plaintiff and would be immediately available to him. However, since this check was not honored when presented for payment, this amount should be included in the total award and bear the same rate of interest until it was actually paid.
For the foregoing reasons, we amend the judgment to award plaintiff $107,238.00, with 5 percent interest from June 1, 1978, subject to a credit of $23,234.90 as of January 25, 1979. In all other respects the judgment is affirmed.
NOTES
[1] The payee bank refused to honor the check because it was dated more than six months prior to the time of presentment.