MARVIN, Judge.
The issue in this appeal is whether the mere refusal of the holder of a promissory note to accept the tender of three installment payments on the note, two of which were past due and the other not yet due, is sufficient to accelerate maturity of the note under this acceleration clause:
“Failure to pay any two (2) successive installments on this note at maturity shall, at the option of the holder and owner, mature this note in its entirety and render it due and exigible for the unpaid balance, including principal, interest, attorney’s fees and costs.”
The note also contains the usual waiver of presentment, notice of dishonor, and protest.[1]
*1302 After refusing the additional and timely tender of the other monthly installment payments as they came due over a period of five months, the holder then sued the maker, and for the first time claimed that maturity had been accelerated by the maker’s failure to timely pay the two installments first mentioned. The stipulated facts do not show that the holder made demand on the maker or otherwise gave the maker clear and unequivocal notice of her intention to accelerate maturity until she filed suit. At best, the record shows only that the holder refused the tendered installments. The trial court judgment rejected the demands of the holder, who appeals. We affirm.
The general rule is that a clause allowing the holder to accelerate maturity at her option is not operative until the holder takes some affirmative action clearly and unequivocally evidencing her intention to the maker. Chapman v. Capri Construction Company, 248 So.2d 101 (La.App. 4th Cir. 1971). See Annotation at 5 A.L.R.2d 968, as supplemented. Compare Meyer v. Consolidated Marketing, Inc., 376 So.2d 1278 (La.App. 2d Cir. 1979). No hard and fast rule can be laid down and the circumstances of each case will determine whether the action taken by the holder is sufficient to exercise the option afforded by a particular acceleration clause. 5 A.L.R.2d at p. 972.
In Meyer, supra, the note was payable in annual installments. We specifically noted there that the holder refused tender of the past due annual installment “... and notified [the maker] that he was asserting his rights under the acceleration provisions . . . and demanded immediate payment of all future installments. [The maker] refused [on June 8, 1978] and this suit ensued [on June 19, 1978].” 376 So.2d 1279, 1280. In Meyer, where the exercise of the option to accelerate maturity was not squarely at issue, it was nonetheless emphasized that the holder simultaneously refused the tender of the late payment on the note and exercised the option to accelerate maturity.
Here, the holder’s refusal of the late payment occurred six months before the holder attempted to take any affirmative action to clearly and unequivocally evidence to the maker her exercise of the option to accelerate. When she attempted to accelerate maturity, the maker had timely tendered to her each month an installment payment for six consecutive months. Where the contract does not provide the time in which an option may be exercised, the law implies a reasonable time to be determined by the circumstances of the individual case. See CC Art. 1808, 1812. Travelers Indem. Co. v. Ducote, 380 So.2d 10 (La.1979); Horace Mann Ins. Co. v. Casualty Reciprocal, 383 So.2d 1040 (La.App. 1st Cir. 1980.) While the holder’s refusal of the maker’s repeated and timely tenders of the monthly installments could be some indication that the holder wished the note paid in full, this refusal, essentially a negative and unexplained response, is not affirmative action on the part of the holder clearly and unequivocally evidencing to the maker, the holder’s intent to exercise her option to accelerate maturity.
Under these circumstances, and at appellant’s cost, judgment is
AFFIRMED.

. These provisions are the subject matter of Part 5, Chap. 3, Commercial Paper, LRS 10:3-501 — 3-511. These provisions concern how and when a secondary party on the note may be held liable and do not concern whether and when the maturity of a note is accelerated. § 3-503(1 )(d) does provide that presentment, where applicable, is due within a reasonable time after acceleration. Whether and when maturity of a note payable in installments is accelerated, is determined by circumstances peculiar to the individual case. See Annotation, 5 A.L.R.2d 968, as supplemented.