439 So.2d 1269 (1983)
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
H.P.B., JR. DEVELOPMENT COMPANY, INC. et al.
No. 5-282.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
John M. Mamoulides, Mamoulides & Hoepffner, Metairie, David H. Schaub, Vice-President and Counsel, The Bank of New Orleans and Trust Co., Walter C. Thompson, Jr., Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for plaintiff-appellee.
J. Barry Mouton, Lafayette, for defendant-appellant.
Before BOWES, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This matter originated in the Twenty-Fourth Judicial District Court, Division "M", wherein the Honorable Judge Robert J. Burns rendered judgment on a note in favor of plaintiff, Bank of New Orleans and Trust Company, and against defendant, Carlos J. Marcello, in the full sum of One Million, Seven Hundred Eighty Thousand, One Hundred Twenty Dollars ($1,780,120), together with interest, attorney's fees and costs, and further rendering judgment in favor of plaintiff, the Bank of New Orleans and Trust Company, recognizing, maintaining and enforcing its mortgage, lien and privilege rights under the collateral mortgage of defendant H.P.B. Jr. Development Company, Inc., a/k/a H.P.B. Jr. Development Corporation.
*1270 This court, 427 So.2d 486, by judgment dated January 10, 1983, affirmed the decision of the trial court. Appellants then filed their original application for rehearing, asserting the same specifications of error as previously argued on appeal. This initial rehearing request was denied by Per Curiam for lack of merit. Appellants, subsequently, filed an amended and supplemental application for rehearing raising for the first time an issue regarding the rate of interest provided in the trial court's judgment. We dismissed this newly raised issue as untimely under both court rules and cited jurisprudence.
Appellants applied to our Supreme Court for Writ of Review, Certiorari. On June 10, 1983, 435 So.2d 447, such writ was granted and the case was remanded to this court for the sole purpose of considering the rate of interest issue. Otherwise, the writ was denied.
In accordance with the above mandate, we ordered that rehearing be fixed, but solely for the purpose of considering the rate of interest awarded by the trial court.
Appellant, Carlos J. Marcello, executed a promissory note in the full sum of One Million Eight Hundred Thousand Dollars ($1,800,000) dated February 3, 1976, in favor of appellee, Bank of New Orleans. This note was to bear interest at the rate of six percent (6%) per annum from date and was to be paid annually.
Appellee filed suit on this note February 2, 1981, and judgment was rendered in their favor on September 8, 1981. The trial court did award interest thereon, but did so at the rate of six percent (6%) per annum from and including February 10, 1981, until the date of its signed judgment, September 11, 1981, and thereafter at the legal rate until paid. Appellants contend this was error on the part of the trial court to apply the legal rate of interest to the note past judgment when the note clearly limited interest to six percent (6%).
It is well settled in our jurisprudence that in a suit to recover amounts due on a promissory note, the rate of interest stipulated in the note is the rate to be applied to the judgment rendered. LSA-C.C. art. 2924; Meyer v. Consolidated Marketing, Inc., 376 So.2d 1278 (La.App. 2d Cir.1979). The note in the instant case provided that the rate of interest on that particular note was six percent (6%). We agree with appellant. The rate of interest governing this note was fixed and the trial court erred by adjusting that rate to the legal rate once judgment was rendered.
Accordingly, for the above stated reasons, the judgment of the trial court is hereby amended to reflect an interest rate of six percent (6%) per annum; our original decision dated January 10, 1983, regarding interest only, is hereby vacated.
AMENDED AND AFFIRMED AS AMENDED.