SEXTON, Judge.
Appellant, First Federal Savings & Loan Association, appeals the decision of the trial court which held that a promissory note executed by appellee, Marsha Mullone, had prescribed. We affirm.
On May 25, 1971, Marsha Mullone and her then husband, Kerry Mullone, Jr., executed a promissory note in favor of Bridges Loan & Investment Company, Inc. for the original principal sum of $18,100.00. This note was secured by a mortgage of immovable property located at 2466 Coburn Lane in Shreveport. The promissory note designated monthly installment payments of $120.56 which were due on the first of each month commencing July 1, 1971, and ending May 1, 2001. The promissory note contained an optional acceleration clause which stated:
If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note.
Marsha and Kerry Mullone were divorced in 1972. Marsha Mullone became the sole owner of the property through a community property partition agreement and she assumed the balance due on the mortgage. Marsha Mullone continued to pay the monthly notes through April 1, 1983, but she failed to pay the note due on May 1, 1983. The principal outstanding balance at that time was $14,803.44.
During 1983 and 1984, First Federal (which had become the holder of the note) sent several letters to Marsha Mullone calling upon her to pay the arrearage. In addition to the written communications, several telephone conversations took place between Ms. Mullone and the representatives of First Federal. Ms. Mullone attempted to pay the arrearage and reinstate the loan on several occasions. However, the payments were returned because the amount tendered was less than the full amount of the arrearage. Ms. Mullone never tendered the full amount of the ar-rearage, and no efforts to pay on the note were made by her after May 31, 1984. In January of 1984, First Federal referred the mortgage to a law firm to institute foreclosure proceedings.
On October 12,1990, First Federal filed a petition for executory process on the promissory note and sought enforcement of the note and mortgage. The principal balance on the note was $14,803.44 and the entire indebtedness, including interest, costs and fees was over $23,000. Defendant, Marsha Mullone, sought to enjoin the seizure and sale of the property and asked for cancellation of the mortgage on the basis that the note had prescribed under the five (5) year liberative prescription of LSA-C.C. Art. 3498 which provides:
Actions on negotiable instruments and on promissory notes whether negotiable or not, are subject to a liberative prescription of five (5) years. This prescription commences to run from the day payment is made exigible.
The matter was submitted to the trial court based entirely on the parties’ briefs, exhibits, and a joint stipulation.
On September 23, 1991, the trial court rendered an opinion in favor of Ms." Mul-lone which was reduced to final judgment on October 9, 1991. The trial court found that when Ms. Mullone became delinquent in 1983, First Federal decided to accelerate the balance due and begin steps to institute foreclosure, including referral of some of the necessary documents to attorneys for that purpose. Additionally, the trial court noted that First Federal returned partial payments to Ms. Mullone indicating to her that the mortgage had been referred to attorneys for foreclosure and only payment of the total amount due including attorney fees would be accepted to bring the account out of foreclosure. Therefore, the trial court stated that the five-year libera-tive prescription under LSA-C.C. Art. 3498 commenced running when First Federal notified Ms. Mullone that it would accept only the total amount including attorney fees, which clearly evidenced an option to declare the entire balance of the note due. Since the foreclosure suit in this matter was filed on October 12, 1990, more than *1018 five years from the date First Federal exercised its option to foreclose, the trial court held the promissory note was not enforceable because it had prescribed. The trial court also held that Ms. Mullone was entitled to a preliminary and permanent injunction arresting the seizure and sale of the immovable property, a cancellation of the mortgage, and dismissal of the executory process proceedings with prejudice.
On appeal, First Federal contends that the trial court erred in concluding that the promissory note had prescribed because First Federal had exercised the option to accelerate the note in 1983. First Federal contends that it was clear that they did not intend to accelerate the remaining amount due under the promissory note. First Federal asserts that under the jurisprudence, the election to accelerate a note must be through affirmative action clearly and unequivocally evidencing to the maker the holder’s intent to exercise the option to accelerate. First Federal contends that the language in its correspondence to Ms. Mul-lone was ambiguous, and it did not exhibit a clear and unequivocal attempt to accelerate the note. First Federal contends that the letters to Ms. Mullone never mentioned that the entire balance of the note was due, but only demanded the note be made “current” by paying the total amount of the delinquent installments plus attorney fees. First Federal contends that the referral to an attorney to collect the note did not accelerate the note nor did it commence prescription. Therefore, First Federal contends that the maturity of the remaining installments was not accelerated until the filing of suit on October 12, 1990, and only those installments which had accrued prior to October 12, 1985, had prescribed.
In Rivers v. Rivers, 404 So.2d 1300 (La.App. 2d Cir.1981), this court addressed the issue of what action is sufficient to accelerate maturity of a promissory note under an optional acceleration clause. The court noted that while no hard and fast rule can be laid down, the circumstances of each case will determine whether the action taken by the holder is sufficient to exercise the option afforded by a particular acceleration clause. The court stated the general rule that a clause allowing the holder to accelerate maturity at his option is not operative until the holder takes some affirmative action clearly and unequivocally evidencing his intention to the maker. Applying this general rule, the court held that while a holder’s refusal of a maker’s repeated and timely tenders of monthly installments, after the holder had refused two past due payments, may have been some indication that the holder wished the note paid in full, this refusal, essentially a negative and unexplained response, was not affirmative action on the part of the holder clearly and unequivocally evidencing to the maker the holder’s intent to exercise the option to accelerate maturity.
In the instant case, a review of the documentary evidence indicates that First Federal took several steps which evidenced its intent to accelerate maturity of the note. In October of 1983, First Federal sent two letters to Ms. Mullone informing her that her account was delinquent and that her mortgage would be referred to attorneys to institute foreclosure proceedings unless she paid her mortgage account current. On November 15,1983, First Federal sent a letter to Ms. Mullone informing her that the mortgage had in fact been referred to attorneys for foreclosure. This letter informed Ms. Mullone that only payment of the “total amount due including attorney fees” would bring her account out of foreclosure. First Federal also refused to accept several partial payments of the arrear-age tendered by Ms. Mullone after she had fallen behind in her payments. First Federal’s letters rejecting these partial payments informed Ms. Mullone that her account was in foreclosure. The stipulation entered into evidence shows that First Federal did refer the mortgage to a local law firm for foreclosure proceedings.
A trial court’s findings of fact may not be set aside on appeal in the absence of manifest error or unless they are clearly wrong, and where there is conflict in the testimony, reasonable evaluations of credibility and inferences of fact should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). If trial *1019 court findings are reasonable in light of the entire record, an appellate court may not reverse, and the factfinder’s choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We find the record supports the trial court’s factual finding that First Federal exercised its option to accelerate the maturity of the note. The language used in First Federal’s letters to Ms. Mullone, the refusal to accept partial payments of the arrearage, and the referral of the mortgage to a law firm for foreclosure proceedings all evidence First Federal’s intent to accelerate the maturity of the note. We find these actions were sufficient to clearly and unequivocally evidence First Federal’s intent to accelerate maturity of the note as required under Rivers v. Rivers, supra, and the trial court’s decision to this effect is not manifestly erroneous or clearly wrong. Since the steps taken by First Federal to accelerate the note were taken over five years before the institution of the current suit, the promissory note is not enforceable because it prescribed under LSA-C.C. Art. 3498. Under LSA-C.C.P. Art. 2751, Ms. Mullone was entitled to arrest the seizure and sale of the property by injunction in this executory proceeding because the debt secured by the mortgage was legally unenforceable.
First Federal also contends that the issue of seizure and sale before the trial court was moot at the time of filing suit and trial, as First Federal had become owner of the property by transfer and deed from Jake Cullick, and therefore should not have been enjoined from selling the property which it owned. Jake Cullick obtained the property in question at a tax sale on July 30, 1980, and sold it to First Federal on July 26, 1984. These deeds of sale are evidenced in First Federal’s brief of record excerpts. However, they were not part of the exhibits submitted to the trial court. Generally, issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Williams v. Williams, 586 So.2d 658 (La.App. 2d Cir.1991); U.R.C.A. 1-3. Accordingly, we do not consider this assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.