LANDRIEU, Judge,
dissenting with reasons.
Where it is not contrary to law or public policy, consenting adults generally may contract as they choose. It is only in the absence of a contractual understanding between the parties that the law provides a substantive resolution.
Mr. and Mrs. Merlin Campo and T. Cvita-novich Seafoods, Inc. (hereinafter “TCSI”) entered into a contract for the loan of money, which provided that the loan was to be repaid on demand, with no interest. Interpreting the contract according to its plain terms, “none” means none and “0” as a numeral means zero.
Just as clearly as TCSI would not have been limited to the legal interest rate had the contract provided for a higher rate, TCSI is not entitled to interest at the legal rate when the contract provides for a lesser rate — in this instance, none or zero. Bank of New Orleans and Trust Co. v. H.P.B., Jr. Devel. Co., Inc., et al., 439 So.2d 1269, 1270 (La.App. 5th Cir.1983). The contract is neither silent nor ambiguous. Conse *967 quently, there is no basis for the substitution of a legislative imposition.
Furthermore, the very principle on which the majority relies to award attorney fees compels the non-award of interest. If the contract had called for attorney’s fees in the amount of “none” or “0,” but a legislative provision specified an amount in the absence of contractual agreement, would the majority award such fees?
Although this court, in proceeding no. 90-CA-1250, rendered judgment in favor of TCSI and against Campo “in the amount of $25,000.00 with judicial interest from date of demand, plus reasonable attorney’s fees and costs and recognize[d] the validity of the collateral mortgage securing the debt,” that judgment does not foreclose Associates Financial Services of America, Inc. from asserting its ranking rights in these proceedings. Barnett v. Develle, 289 So.2d 129, 140 (La.1974).
Since Associates’s mortgage was recorded before the judgment in favor of TCSI was rendered, we are called upon to measure Associates’s mortgage rights as recorded against TCSI’s mortgage rights as recorded. In doing so, I would reverse the judgment of the trial court and find that TCSI’s mortgage primes Associates’s mortgage only to the extent of $25,000.00 in principal and 20% thereof ($5000.00) as attorney’s fees.