LSUSAN M. CHEHARDY, Judge.
This is a suit to collect a promissory note. Although the plaintiff was awarded judgment in its favor, it appeals because the trial court failed to award the amount of interest set forth in the note.[1] We amend and affirm the judgment.
Tri-Parish Financial Services, Inc. filed suit on June 13, 2001 against Ruth Trayal and Kenneth Dardar, asserting that Tri Parish is the holder of a simple-interest promissory note executed on August 26, 1999 by defendants, as co-borrowers, in the principal sum of $2354.81, payable on *223 demand to the order of plaintiff, bearing interest at 33.98% from September 1, 2000 to September 1, 2001, and thereafter at the rate of 18% until paid in full. The note also provided for attorney’s fees in the amount of 25% of principal and interest for which suit was filed. The petition alleged that the defendants had made partial payments to plaintiff, leaving a balance remaining of $867.51 in principal as of May 21, 2001, together with interest at the rate of 33.98% from September 1, 2000 to September 1, 2001, and thereafter at the rate of 18% until paid. Plaintiff made the usual further allegations of amicable demand, etc., and sought judgment in the sum of the principal, interest, and attorney’s fees as stated above.
^Defendants were served on June 15, 2001, but failed to file an answer. Plaintiff entered a preliminary default against them on July 25, 2001 and confirmed the default on October 4, 2001.
In signing the judgment submitted by plaintiffs counsel, however, the trial judge struck through and changed the interest provision. As submitted the judgment stated, in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED ... that there be judgement [sic] in favor of plaintiff ... and against the defendants ... together with interest at the rate of 33.98% from September 1, 2000 to September 1, 2001, and at the rate of 18 % thereafter, until paid in full, and together with attorney fees .... and for all costs of these proceedings.
As modified by the trial judge by hand, however, the paragraph stated:
IT IS ORDERED, ADJUDGED, AND DECREED ... that there be judgement [sic] in favor of plaintiff ... and against the defendants ... together with interest at the rate of 33.98% from September 1, 2000 to September 1, 2001; and- at -the rate of 18 % date of judicial demand, and at the legal rate thereafter, until paid in full, and together with attorney fees ... and for all costs of these proceedings, all subject to a credit of $615.00. [Words with overstrike struck out by trial court; underlined words added by trial court.]
There are no oral or written reasons for judgment to explain why the trial judge changed the judgment. Plaintiff filed a devolutive appeal.
Plaintiff argues the trial court erred in awarding legal interest from the date of judicial demand rather than at the rate specified in the note.
La.R.S. 9:3501 provides, “Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.” La.C.C. art. 2924 provides that the rate of conventional interest cannot exceed 12% per annum, but excepts that provision from applying to |4consumer credit transactions. Thus, although Art. 2924 limits recovery of conventional interest on a note to 12% per annum, even where the interest rate in the note is higher, that limitation does not apply to a consumer credit transaction as defined by state law.
The promissory note fits the definitions of a consumer credit transaction and a consumer loan set out in the Louisiana Consumer Credit Law, (La.R.S. 9:3510, et seq., hereafter called “LCCL”). La.R.S. 9:3516(13)-(14). The Louisiana Consumer Credit Law permits interest in the amounts set out in the promissory note at issue here. La.R.S. 9:3519. La.R.S. 9:3521 limits the assessment of such interest to 18% per annum, beginning one year after maturity, where a precomputed consumer credit transaction is unpaid at maturity.
*224 It is well settled in our jurisprudence that in a suit to recover amounts due on a promissory note, the rate of interest stipulated in the note is the rate to be applied to the judgment rendered.... The rate of interest governing this note was fixed and the trial court erred by adjusting that rate to the legal rate once judgment was rendered.
Bank of New Orleans & Trust Co. v. H.P.B., Jr. Dev., 439 So.2d 1269, 1270 (La. App. 5 Cir.1983).
Here, the interest rate set forth in the note was within the parameters of the LCCL; accordingly, the trial court erred in varying the interest rate from that provided in the note.
For the foregoing reasons, the judgment is amended and, as amended, affirmed. Judgment is rendered in favor of appellant, Tri-parish Financial Services, Inc., and against the appellees, Ruth Trayal and Kenneth Dardar, jointly and in solido, in the full and true sum of Eight Hundred Sixty Seven and 51/100 ($867.51) Dollars, together with interest at the rate of 33.98% from September 1, |52000 to September 1, 2001, and thereafter at the rate of 18 % until paid in full, together with attorney fees in the amount of twenty-five (25%) per cent on the principal and accrued interest, and for all costs of these proceedings, all subject to a credit of in the amount of Six Hundred Fifteen and No Hundredths ($615.00) Dollars.

AMENDED, AFFIRMED AND RENDERED.

. Also rendered this dale is a companion case, Tri-Parish Financial Services, Inc. v. Bradley, 01-CA-1350, 815 So.2d 219 on our docket, which involves the same issues, but has different defendants and slightly different facts.