_[¿pOWNING, J.
Hannah C. Harrison, in her capacity as the succession representative of the Succession of her husband, Johnny Harrison, Sr. (hereinafter referred to as “Harrison”) [2] appeals a trial court judgment on Ronald Ray Smith’s peremptory exception raising the objection of prescription. The trial court ruled that the succession’s rights under a promissory note had prescribed. For the following reason, we affirm the trial court.

FACTS AND PROCEDURAL HISTORY

Ronald Ray Smith acquired ownership of a home and lot in 1983, partly through inheritance and partly through a sale with mortgage wherein he assumed liability for the note at issue in the amount of $27,500. In 1992, Mr. Smith and his then wife, Carolyn Harrison Smith, divorced. As part of the divorce settlement, Mr. Smith gave Mrs. Smith full ownership of the home. Mrs. Smith, however, did not assume liability for the note.
Mrs. Smith died in 1994. At that time, Troy & Nichols, Inc., the note holder, had accelerated the note pursuant to its terms and instituted foreclosure proceedings.[3] On April 7, 1994, Troy & Nichols returned a partial payment to Mr. Smith saying it was unable to accept the checks. To prevent foreclosure, Mrs. Smith’s father, Johnny Harrison, Sr., used proceeds from a life insurance policy on her to purchase the note and mortgage. His grandchildren, along with Mr. Smith, were living in the home at the time. Through counsel, Mr. Harrison transmitted a cashier’s check to Troy and Nichols for the full amount claimed on June 6, 1994. On June 14, 1994, the trial court signed an order of dismissal prepared by Troy & |3Nichols which states that “the Mortgage Loan foreclosed on in this action has now been brought current and reinstated, and that the plaintiff wishes to dismiss this suit without prejudice.” On June 28, 1994, Troy and Nichols executed a notarial endorsement and assignment of the note to Mr. Harrison.
On June 8, 1999, Mr. Harrison filed suit against Mr. Smith seeking payment in full of the amounts owing on the note pursuant to the note’s acceleration clause, interest, attorney fees and costs. Mr. Harrison subsequently amended his petition to also join his daughter’s succession as a defendant. In his answer, Mr. Smith filed the peremptory exception raising the objection of liberative prescription.
At a combined hearing on the exception and the trial on the merits, the trial court concluded that Mr. Harrison’s claim on the note had prescribed and entered judgment accordingly.[4] Harrison now appeals raising two assignments of error: 1) that the trial court erred in granting the peremptory exception raising the objection of prescription; and 2) the trial court erred in determining after a trial on the merits that *45 the promissory note sued upon was unenforceable.

DISCUSSION

Actions on promissory notes are subject to a liberative prescription of five years. Prescription begins to run from the day payment is exigible. La. C.C. art. 3498. Prescription begins to run on an accelerated note upon acceleration. In Anthon v. Knox, 155 So.2d 53, 55 (La.App. 1 Cir.1963), this circuit cited the following rule:
“[W]here there is an acceleration clause giving the creditor the right upon certain contingencies to declare the whole sum due, the statute begins to run, only with respect to each installment, 14at the time the installment becomes due, unless the creditor exercises his option to declare the whole indebtedness due, in which case the statute begins to run from the . date of the exercise of the option.”
See also First Federal Savings and Loan Association of Rochester v. Mullone, 612 So.2d 1016, 1019 (La.App. 2 Cir.1993). See also Matherne v. Purdy, 576 So.2d 621, 623 (La.App. 4 Cir.1991) and Ellsworth v. West, 95-0988, pp. 5-6 (La.App. 4 Cir. 1/19/96), 668 So.2d 402, 405. Where steps are taken to accelerate a note more than five years before the institution of a suit, a promissory note is not enforceable because it prescribes under La. C.C. art. 3498. See Mullone, 612 So.2d at 1019.
Here, the undisputed evidence demonstrates that Troy & Nichols accelerated the note. By commencing foreclosure proceedings and in refusing to accept partial payment, Troy & Nichols gave unequivocal evidence of its intent to accelerate the note. See Id.
Harrison argues that prescription did not begin to run when the note was accelerated, but it cites no authority, and we can find none, in support of this proposition. The note itself contains no provision for reinstatement. While Troy & Nichols did dismiss the foreclosure suit and transfer the note to Mr. Harrison in June 1994, after payment in full of the amounts owed, the record contains no evidence that either of them attempted to enter into any new agreement with Mr. Smith to reinstate payment of the installments provided in the note. We find no authority for the proposition that transfer of ownership of an accelerated note vitiates an optional acceleration of payments, except on agreement of the involved parties. See, e.g., La. C.C. arts. 1879 et seq. regarding novations. Of course, the parties could have entered such an agreement, but no such agreement can be found in the record.
| ¡We observe that Troy & Nichols suggested the note had been “brought current and reinstated” in the order of dismissal it submitted to dismiss the foreclosure suit. The trial court, however, entered no such finding or order. At that time Troy & Nichols had been paid in full by Mr. Harrison. It appears, then, that Mr. Harrison was assigned whatever rights Troy & Nichols’ possessed under the accelerated note. See La. C.C. art. 2642 which states, “The assignee is subro-gated to the rights of the assignor against the debtor.” See also Young v. Cistac, 157 La. 771, 774-775, 103 So. 100, 101 (1925) where the Supreme Court said:
It is elementary that an assignee acquires his rights under the contract assigned to him only in accordance with the stipulations contained in said contract, and that he is without authority to change or add to such stipulations in making an assignment of his rights under the contract to a third person.
Harrison further appears to argue that Troy & Nichols’ voluntary dismissal of its *46 foreclosure suit makes the acceleration of the note disappear because “dismissal of a suit without prejudice restores matters to the status occupied before the filing of the suit.” Mr. Harrison’s succession cites LeBlanc v. Travelers Indemnity Company, 262 La. 403, 406, 263 So.2d 337, 338 (1972) in support of this position. The LeBlanc court explained, however, that “[s]uch a judgment merely leaves the situation, as to that cause of action, as if no suit had ever been filed upon it.” (Citation omitted.) LeBlanc, 262 La. at 406-407, 263 So.2d at 338; La. C.C. art. 3463.
We find no legal basis to construe this principle of restoring matters to their former status upon dismissal of a suit without prejudice to mean that a note once accelerated will be reinstated as if it were not accelerated.
Harrison next argues that Mr. Harrison’s purchase of the note in June 1994, interrupted prescription. It claims that the payment was a tacit | (¡acknowledgement that would interrupt prescription under La. R.S. 9:5807. This statute provides in pertinent part as follows:
A payment by a debtor of interest or principal of an obligation shall constitute an acknowledgement of all other obligations including promissory notes of such debtor or his codebtors in solido pledged by the debtor or his codebtors in solido to secure the obligation as to which payment is made. In all cases the party claiming an interruption of prescription of such pledged obligation including a promissory note as a result of such acknowledgement shall have the burden of proving all of the elements necessary to establish the same.
Our jurisprudence holds that the acknowledgement of a debt must be made by the debtor himself or by his authorized agent, and the power to acknowledge the debt must be express and special. See Dufrene v. Morgan Equipment Rental, Inc., 98-1582, p. 5, n. 2 (La.App. 1 Cir. 9/24/99), 754 So.2d 1000, 1004; La. C.C. art. 2997. “In order for a payment on a debt to toll the prescriptive statute, such payment must be made by the debtor himself or by another under his authority and with his full knowledge and consent.” (Emphasis added.) Id. In this regard, the trial court found as a fact that “Mr. Harrison was not acting with the authority and consent of Mr. Smith as ... testimony indicates that Mr. Smith was not even aware when Mr. Harrison actually purchased the note in question from Troy & Nichols.” The trial court further found that Mr. Smith had no ownership interest in the home and that Mr. Harrison’s actions were taken to benefit his grandchildren, not Mr. Smith. The trial court then concluded that Mr. Harrison’s purchase of the note did not serve to interrupt prescription and that the suit was not timely filed.
In reviewing factual findings, an appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). For an appellate court to reverse a trial court’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Here, the trial court’s factual findings regarding the lack of Mr. Harrison’s authority and consent to act in Mr. Smith’s behalf are supported by evidence in the record and are not clearly wrong. Accordingly, we must affirm these findings.
*47 The lawsuit at issue between Mr. Harrison and Mr. Smith was filed on June 8, 1999. Accordingly, we look to the record to find any acts during the five years previous to this date that might have interrupted prescription. The record shows that Mr. Harrison paid Troy & Nichols on June 6, 1994, that Troy & Nichols dismissed the foreclosure suit on June 14, 1994, and that it endorsed and assigned the note to Mr. Harrison on June 28, 1994. As discussed above, none of these acts can be attributed to Mr. Smith in order to interrupt prescription. The record demonstrates no other acts within the five years prior to the underlying suit being filed on June 8, 1999, that might be construed to interrupt prescription in this matter. Therefore, the trial court committed no error in ruling that Mr. Harrison’s claim against Mr. Smith had prescribed and that the promissory note at issue was unenforceable and should be cancelled of record. These assignments of error are without merit.

CONCLUSION

The judgment of the trial court is affirmed. Costs are taxed to Hannah C. Harrison as the succession representative for Johnny Harrison, Sr.’s estate.
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.

. Johnny Harrison, Sr. initiated this lawsuit before he died. After his death, his wife was substituted as plaintiff under her authority as qualified succession representative.

. In its foreclosure petition filed March 27, 1992, Troy & Nichols specifically "exercise[d] [its] option to declare the whole of the indebtedness due and payable.” In its amended petition filed April 4, 1994, Troy & Nichols again asked that the property be seized and sold to pay the debt.

.While Harrison argues the trial court issued a dual ruling on both the issue of prescription and on the merits, we conclude from the trial court's oral reasons and the terms of the judgment itself that the judgment was limited to a ruling on the issue of prescription. We recognize, however, that the trial court did agree to allow presentation of evidence on the merits and on prescription in the interest of judicial economy.