| WELLS FARGO FINANCIAL | * | NO. 2022-CA-0457 |
| LOUISIANA, INC. | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| BETTY MONTGOMERY | | FOURTH CIRCUIT |
| GALLOWAY, VALERIE | * | |
| SENNETTE GALLOWAY, AND | | STATE OF LOUISIANA |
| GREGORY LOUIS | * * * * * * * | |
| GALLOWAY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-03487, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Christopher D. Meyer
BURR & FORMAN, LLP
190 East Capitol Street, Suite M-100
Jackson, MS 39201

      COUNSEL FOR PLAINTIFF/APPELLEE

R. Lee Eddy, III
ATTORNEY AT LAW
433 Metairie Road
Suite 100
Metairie, LA 70005

      COUNSEL FOR DEFENDANT/APPELLANT

                         **AFFIRMED**
                      **APRIL 19, 2023**

SCJ
RLB
PAB

In this suit to enforce a promissory note secured by a mortgage, defendants, Betty Montgomery Galloway, Valerie Sennette Galloway, and Gregory Louis Galloway (the "Galloways"), appeal the trial court's February 9, 2022 judgment and award in favor of plaintiff, Wells Fargo Financial Louisiana, Inc. ("Wells Fargo"). For the reasons to follow, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 14, 2002, the Galloways executed a loan agreement with Wells Fargo Financial America, Inc. ("Wells Fargo Financial America") in the amount of $58,652.28 and accruing at 13.55% per annum (the "Note"). The loan was secured by an act of mortgage on property located at 8702 Palmetto Street, New Orleans, Louisiana, duly recorded in the mortgage records of the Parish of Orleans. The Note required the Galloways to make payments in monthly installments of $710.00, totaling $127,800.00 over the life of the loan. Thereafter, from February 19, 2009, the Galloways failed to pay their monthly installments and the loan went

1

into default. From February 17, 2010 to May 15, 2010, the Galloways submitted partial payments to Wells Fargo Financial America, totaling $8,520.00. Wells Fargo Financial America returned the payments to the Galloways because the payments were insufficient to reinstate the loan.

On December 2, 2015, Wells Fargo Financial America assigned the mortgage to Wells Fargo. On April 7, 2016, Wells Fargo, filed a petition to enforce its security interest by ordinary process against the Galloways. The Galloways subsequently filed a peremptory exception of prescription, arguing that the debt was prescribed on or about May 15, 2015. The trial court signed a judgment on December 7, 2016, granting in part the Galloways exception of prescription as for any payment due prior to April 7, 2011, and denied the exception as to payments due on or after April 7, 2011. The Galloways appealed the trial court's April 7, 2011 judgment, and this Court found that on the face of Wells Fargo's petition the claims were prescribed as the petition established that the date of the acceleration was February 19, 2009. This Court converted the appeal to a writ; granted the writ; reversed the trial court's judgment, denying in part the exception of prescription; and remanded with instructions to allow Wells Fargo to re-file an amendment to the petition. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793.

On January 3, 2018, Wells Fargo filed its supplemental and amending petition, alleging that it "has exercised its right to accelerate the entire indebtedness due on the note and mortgage, including the monthly installment due April 19,

2

2011, and all successive installments." Trial was held on the enforcement of a promissory note and mortgage on March 4, 2020. On February 9, 2022, the trial court rendered a judgment in favor of Wells Fargo for the $45,852.94 in principal, 13.06% per annum from March 19, 2011 until the date of the judgment, and $1,500.00 in attorney's fees and court costs.[1] On March 14, 2022, the Galloways filed a motion for devolutive appeal. This appeal timely followed.

**STANDARD OF REVIEW**

"A trial court's factual determinations are subject to the manifest error/clearly wrong standard of review, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Lake Air Capital II, LLC v. Perera*, 2015-0037, p. 6 (La. App. 4 Cir. 5/13/15), 172 So.3d 84 (citing *Hall v. Folger Coffee Co.,* 2003-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98). A trial court's ruling on a peremptory exception of prescription depends on whether evidence is introduced at the trial on the exception. *Wells Fargo Fin. Louisiana, Inc.*, 2017-0413, p. 7, 231 So.3d at 799-800. When no evidence is introduced, a *de novo* standard applies to determine whether the trial court's decision was legally correct; and, "'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" *Id.*, 2017-0413, p. 8, 231 So.3d at 800 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). However, when evidence is introduced, then the manifestly erroneous standard of

_____

[1] The judgment was signed by Judge Piper Griffin, ad hoc, as she presided over the March 4, 2020 trial.

review applies. *Wells Fargo*, 2017-0413, p. 8, 231 So.3d at 800 (citing *Miralda v. Gonzalez*, 2014-0888, pp. 17-18 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1009).

**DISCUSSION**

In the Galloways' sole assignment of error, they argue that the trial court erred in holding that the installment payments due after April 7, 2011 had not prescribed and were deemed exigible. The Galloways allege that Wells Fargo admitted by a letter dated May 21, 2010 that the entire note was in default; therefore, the entire principal became due and exigible when the default occurred and prescription began to run from the date of the default. The Galloways further assert that Wells Fargo filed its suit over five years after the event of default, thus the security interest prescribed and all inscriptions should be cancelled.

La. C.C. art. 3498 provides "[a]ctions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible."

In *JPMorgan Chase Bank, N.A. v. Boohaker*, the First Circuit reviewed whether the trial court erred in granting peremptory exceptions of no right of action and prescription, and dismissing JP Morgan Chase Bank, N.A.'s ("JP Morgan Chase") claims. 2014-0594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421. JP Morgan Chase acquired ownership of a promissory note secured by a mortgage. Thereafter, JP Morgan Chase filed a petition to enforce the promissory note on June 1, 2011 against the defendants alleging that the defendants executed the promissory note on

4

June 11, 1992, and the modified promissory note's maturity date was June 1, 2006. *Id.*, 2014-0594, p. 2, 168 So.3d at 424.

The court explained "[w]hen a promissory note is payable in installments, as opposed to on demand, the five-year prescriptive period commences separately for each installment on its due date." *Id.*, 2014-0594, p.10, 168 So.3d at 428 (citing *Harrison v. Smith*, 2001-0458 (La. App. 1 Cir. 3/28/02), 814 So.2d 42, 45). "However, if the installments are accelerated based upon a default, prescription for the entire accelerated amount commences on the day of acceleration." *Id.* at pp.10-11, 168 So.3d at 428. The court further noted that the promissory note required monthly payments through June 1, 2006, at which time the defendants were obligated to pay any remaining principal and accrued interest in a single payment, also referred to as a "balloon payment." The court further provided:

> The note gave the payee the right to accelerate the indebtedness in the event of a default. Although Chase submits that there is no evidence that the acceleration clause was exercised, Chase alleged in its petition that it "has exercised its option to formally declare said indebtedness to be in default and accelerate all sums due thereunder." However, with respect to the date of default, the necessary event to trigger an acceleration, the petition alleges that the note "is past due since June 1, 2006."

*Id.*, 2014-0594, p.11, 168 So.3d at 429. Finding that the trial court erred in granting the exception of prescription, the court provided that the due date for balloon payment and the alleged date of default prompting the acceleration is June 1, 2006, and JP Morgan Chase filed its suit within five years of that date on June 1, 2011. *Id.* at p.11, 168 So.3d at 429.

The definition of an "acceleration clause," according to Black's Law Dictionary, is "[a] loan-agreement provision that requires the debtor to pay off the balance sooner than the due date if some specified event occurs, such as failure to

pay an installment or to maintain insurance." This Court in *Haik v. Rowley*, further explained that:

> An acceleration clause may be absolute or optional in form. If absolute, maturity occurs on the happening of the specified default; if optional, maturity does not occur until the exercise of the option.

377 So.2d 391, 393 (La. Ct. App.1979), *writ denied*, 378 So.2d 1383 (La.1980) (quoting 10 C.J.S. Bills and Notes § 251).

In the instant matter, similar to *JP Morgan Chase Bank, N.A*, the Note contains an optional acceleration clause entitled, "Default-Entire Balance Due," which provides in pertinent part:

> If you don't pay an installment on time or if you violate the terms of this Note and Security Agreement or of any other security instrument that secures the payment of this Note and Security Agreement you'll be in default. When that happens, you agree that without giving you advance notice, we can require you to pay the outstanding balance of this Note and Security Agreement at once (including any unpaid interest and any unpaid Points).

In its supplemental and amending petition, Wells Fargo alleged that "the Obligors failed to timely pay all amounts required to cure default, and plaintiff has exercised its right to accelerate the entire indebtedness due on the note and mortgage, including the monthly installment due April 19, 2011, and all successive installments." The Galloways rebut this argument with the premise that the entire obligation was accelerated either in May or June of 2010. The Galloways rely on a letter sent on behalf of Wells Fargo dated May 21, 2010, in which they contend that Wells Fargo admitted that the entire Note was in default.

From our review of the May 21, 2010 letter, Wells Fargo provided that it was returning the $8,520.00 payment received by the Galloways because it was insufficient to reinstate the loan. Additionally, another letter sent on behalf of

Wells Fargo dated June 10, 2010, provided that the Galloways were in default for over $11,000.00, detailing:

> Wells Fargo can only accept an amount that is sufficient to reinstate the loan. Wells Fargo will not accept partial payments of such amounts, regardless of the initial cause of the default, unless a payment modification has been worked out. Since no modification has been worked out, Wells Fargo will continue to refund amounts paid for less than the total amount to refund the loan.

The May 21 and June 10, 2010 letters do not demonstrate that Well Fargo required the Galloways to pay off $45,852.94, the balance of the Note, before the August 19, 2017 maturity date. Instead, the letters reflect that Wells Fargo refused to accept payments that were less than the amount necessary to reinstate the loan. As such, Wells Fargo's letters did not trigger the acceleration clause. *See JP Morgan Chase Bank, N.A.*, 2014-0594, p.11, 168 So.3d at 429. The acceleration clause was triggered when Wells Fargo filed its suit alleging that the Galloways failed to make monthly installments since April 19, 2011. Accordingly, Well Fargo's suit was filed within five years of that date on April 7, 2016. Thus, we do not find that the trial court erred in holding that the installment payments for April 2011 and all subsequent payments had not prescribed.

**CONCLUSION**

For the aforementioned reasons, we affirm the trial court's February 9, 2022 judgment and award in favor of plaintiff, Wells Fargo.

**AFFIRMED**