Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

Nos. 56,236-CA; 56,237-CA; 56,238-CA; 56,239-CA;
56,240-CA; 56,241-CA; 56,242-CA; 56,243-CA;
56,244-CA; 56,245-CA; 56,246-CA; 56,247-CA;
56,248-CA; 56,249-CA; 56,250-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC            Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS            Defendant-Appellee

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana

Trial Court Nos. 47,276; 47,359; 47,404; 47,405; 47,406;
47,491; 47,520; 47,528; 47,539; 47,543; 47,549;
47,551; 47,565; 47,569; 47,570

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC       Counsel for Appellant
By: Jessica L. Greber

ROY COMBS            In Proper Person

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Roy Combs, of Dodson, La., took out a loan from Tower Loan on July 22, 2022. The amount financed was $5,731.31, at a stated APR of 30.56%, requiring Combs to make 36 payments of $248.00 each, for a total of $8,928.00. His final payment was to be August 5, 2025, but, according to Tower Loan's petition, his last payment was February 23, 2023, leaving a balance of $6,077.35.

Tower Loan filed this suit on June 7, 2023, seeking the unpaid balance of $6,077.35, together with contractual interest of 29.65% per annum for one year beginning May 1, 2023, and 18% thereafter. Tower Loan attached a copy of the La. Installment Loan Agreement and Disclosure Statement executed by Combs. The petition prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of its security interest in the movables described in the loan agreement.

Combs filed no responsive pleading, so Tower Loan moved for default judgment. In support, it attached an affidavit of correctness executed

by Anthony Barnes, an officer of the company, verifying that the balance due was $6,077.35 and that the interest rate, under the loan agreement, was 29.65% for one year beginning May 1, 2023, and 18% thereafter until paid. It also provided a proposed judgment stating this balance due, interest rate, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped April 19, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record" and "amended judgment amount." The court stated, "The judgment is in the amount of $5,731.33[,] which was the amount that was financed" and "the amount requested was, in the judgment, more than the amount that was financed." The court whited out the principal of the judgment, changing it from $6,077.35 to $5,731.33, and drew a line through the interest rate of 29.65%/18%, changing it to "legal" interest.

Tower Loan has appealed, raising five assignments of error. Combs has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed default judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed default judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C). These assignments have merit.

2

The procedure for default judgments is set forth in La. C.C.P. art. 1702. If the defendant fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered. La. C.C.P. art. 1701(A)(1). "When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof." La. C.C.P. art. 1702(B)(3). The affidavit of correctness obviates the need for taking testimony to establish the validity of the debt. *Sessions & Fishman v. Liquid Air Corp.*, 92-2773 (La. 4/12/93), 616 So. 2d 1254; *Moore Fin. Corp. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. In such a case, the plaintiff is to submit to the court "the proof required by law and the original and not less than one copy of the proposed default judgment." After this, the "judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the proposed default judgment or direct that a hearing be held." La. C.C.P. art. 1702(C). In short, the district court has no alternative other than signing the proposed default judgment or ordering a hearing; ultimately, the default judgment cannot be different in kind from that which is demanded in the petition and the amount properly proven. La. C.C.P. art. 1703; *Arias v. Stolthaven New Orleans LLC*, 08-1111 (La. 5/5/09), 9 So. 3d 815; *Alexander v. Rodgers Homes & Constr. Inc.*, 53,663 (La. App. 2 Cir. 1/13/21), 310 So. 3d 303.

The district court lacked authority to deviate from the two alternatives granted in Art. 1702(C), signing the proposed default judgment or ordering a hearing. It was error to render judgment for a different principal or interest

3

rate. Moreover, we have closely examined the affidavit of correctness and find that it faithfully represents the content of the loan agreement signed by Combs. On this record – including the loan agreement, the petition, and the affidavit of correctness – there was no basis for the district court even to direct a hearing. These assignments have merit.

### *Reduction of Principal*

By its third assignment of error, Tower Loan urges the court erred in reducing the principal amount of the judgment from the amount prayed for and properly rebated in accordance with La. R.S. 9:3533, to the amount financed on the face of the promissory notes. The debt is a "consumer loan," as defined in R.S. 9:3516(14), and a "precomputed consumer credit transaction," as defined in R.S. 9:3516(25), meaning that if the creditor must sue to collect, this accelerates the maturity and the "obligation shall be credited with the same rebate" as if the debt had been paid in full on the date of acceleration, under R.S. 9:3533. This assignment has merit.

A "consumer credit transaction" means a consumer loan or a consumer credit sale but does not include motor vehicle credit transactions. La. R.S. 9:3516(13). A "precomputed consumer credit transaction" means a consumer credit transaction under which loan finance charges or credit service charges are computed in advance over the entire scheduled term of the transaction and capitalized into the face amount of the debtor's promissory note or other evidence of indebtedness. La. R.S. 9:3516(25).

The loan agreement reflects a finance charge of $3,196.69, including a prepaid finance charge of $70.00 and precomputed interest of $3,126.69. This satisfies the definition of a precomputed consumer credit transaction. Total payments would come to $8,928.00; according to the affidavit, the

4

unpaid balance, after all rebates, is $6,077.35. There is no further requirement for an itemization of payments or how the total amount sued upon was calculated. *Moore Fin. Co. v. Ebarb*, *supra*. The district court lacked authority to render judgment for a principal amount other than $6,077.35. The judgment will be amended to this amount.

### *Award of Interest*

By its fourth assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fifth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreement, contrary to La. R.S. 9:3519 and 9:3522. These assignments have merit.

The law caps the interest rate for consumer loans as follows, in La. R.S. 9:3519(A):

> A. The maximum loan finance charge for any consumer loan other than one made with a lender credit card that may be charged, contracted for or received by a licensed lender or supervised financial organization may equal but not exceed:
>
> (a)   Thirty-six percent per year for that portion of the unpaid principal amount of the loan not exceeding one thousand four hundred dollars;
>
> (b)   Twenty-seven percent per year for that portion of the unpaid principal amount of the loan exceeding one thousand four hundred dollars and not exceeding four thousand dollars;
>
> (c)   Twenty-four percent per year for that portion of the unpaid principal amount on the loan exceeding four thousand dollars and not exceeding seven thousand dollars; and
>
> (d)   Twenty-one percent per year for that portion of the unpaid principal amount of the loan exceeding seven thousand dollars.

The lender may apportion the principal and charge the allowed rate for each portion thereof and compile those rates to get an average finance charge. *Randall v. St. Charles Mortg. & Loan Inc.*, 99-879 (La. App. 5 Cir. 2/16/00), 657 So. 2d 514. One year after contractual maturity, the rate shall not exceed 18%. La. R.S. 9:3522.

The court shall award interest in the judgment as prayed for or as provided by law. La. C.C. art. 1921. When the contractual interest is within legal limits, the court must enforce it. *Doerle Food Servs. LLC v. River Valley Foods LLC*, 52,601 (La. App. 2 Cir. 5/22/19), 273 So. 3d 656. The court is without discretion to award interest at a rate other than that stated in the note. *Tri-Parish Fin. Servs. Inc. v. Bradley*, 01-1350 (La. App. 5 Cir. 3/26/02), 815 So. 2d 219; *Tri-Parish Fin. Servs. Inc. v. Trayal*, 01-1351 (La. App. 5 Cir. 3/26/02), 815 So. 2d 222.

The loan agreement states that the amount financed was $5,731.31. Under R.S. 9:3519, Tower Loan could charge interest of 24% on the portion of the principal that exceeds $4,000 but does not exceed $7,000 (this portion would be $1,731.31); 27% on the portion that exceeds $1,400 but does not exceed $4,000 (this portion would be $2,600); and 36% on the remaining portion. The affidavit states that these rates, properly apportioned, yield a contract rate of 29.65%. Moreover, Combs's loan was accelerated on May 1, 2023; hence, after May 1, 2024, the interest cannot exceed 18%. R.S. 9:3522. The amount prayed for in the petition, and stated in the proposed default judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

**DECREE**

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against defendant, ROY COMBS (SSN XXX-XX-2392), in the amount of $6,077.35, together with interest at 29.65% per annum for one year beginning May 1, 2023, and 18% thereafter, until paid in full.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Roy Combs.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.